| Fill in this information to identify your case: | | |
|---|---|---|
| United States Bankruptcy Court for the: | | |
| DISTRICT OF DELAWARE | | |
| Case number (if known) | Chapter 11 | ☐ Check if this an amended filing |

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy  4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | Debtor's name | Cosi Restaurant Holdings LLC | |
| 2. | All other names debtor used in the last 8 years  Include any assumed names, trade names and *doing business as* names | | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 82-1933461 | |
| 4. | Debtor's address | **Principal place of business**  500 Rutherford Ave., Suite 130  Charlestown, MA 02129  Number, Street, City, State & ZIP Code  Suffolk  County | **Mailing address, if different from principal place of business**  P.O. Box, Number, Street, City, State & ZIP Code  **Location of principal assets, if different from principal place of business**  Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | www.getcosi.com | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  ☐ Partnership (excluding LLP)  ☐ Other. Specify: _____ | |

Debtor  Cosi Restaurant Holdings LLC                                         Case number (*if known*)
        ———————————————————————
        Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    7225

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply:*

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ☐ A plan is being filed with this petition.
  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form.
  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| | District | When | Case number |
|---|---|---|---|
| | District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | See Attachment | | Relationship | |
|---|---|---|---|---|
| District | | When | Case number, if known | |

Debtor  Cosi Restaurant Holdings LLC  
_____Name_____

Case number (*if known*) _____

**11. Why is the case filed in *this district*?**

Check all that apply:

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
  Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____
     Contact name _____
     Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ■ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than100,000

**15. Estimated Assets**

- ■ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ■ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor  Cosi Restaurant Holdings LLC                                         Case number (*if known*)
        ———————————————————————
        Name

■ **Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  February 24, 2020
             MM / DD / YYYY

X  /s/ Vicki Baue
   Signature of authorized representative of debtor

Vicki Baue
Printed name

Title  Secretary, V.P. & General Counsel, CCO

**18. Signature of attorney**

X  /s/ Mark E. Felger
   Signature of attorney for debtor

Date  February 24, 2020
      MM / DD / YYYY

Mark E. Felger
Printed name

Cozen O'Connor
Firm name

1201 N. Market Street
Suite 1001
Wilmington, DE 19801
Number, Street, City, State & ZIP Code

Contact phone  302-295-2000        Email address  mfelger@cozen.com

3919 DE
Bar number and State

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page 4

Debtor  Cosi Restaurant Holdings LLC          Case number (*if known*)
_____Name_____

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number (*if known*) _____  Chapter  11

☐ Check if this an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | |
|---|---|---|---|---|
| Debtor | Cosi Franchise Holdings LLC | | Relationship to you | Affiliate |
| District | Delaware | When | Case number, if known | |
| Debtor | Cosi Sandwich Bar, Inc. | | Relationship to you | Affiliate |
| District | Delaware | When | Case number, if known | |
| Debtor | Cosi, Inc. | | Relationship to you | Parent |
| District | Delaware | When | Case number, if known | |
| Debtor | Hearthstone Associates, LLC | | Relationship to you | Affiliate |
| District | Delaware | When | Case number, if known | |
| Debtor | Hearthstone Partners, LLC | | Relationship to you | Affiliate |
| District | Delaware | When | Case number, if known | |
| Debtor | Xando Cosi Maryland, Inc. | | Relationship to you | Affiliate |
| District | Delaware | When | Case number, if known | |

# COSI, INC.

## ACTION BY UNANIMOUS CONSENT IN WRITING OF
## THE BOARD OF DIRECTORS

### February 24, 2020

The undersigned, constituting all of the members of the board of directors (the "Directors" or the "Board") of Cosi, Inc., a Delaware corporation (the "Corporation"), by unanimous consent in writing, without the formality of convening a meeting, do hereby severally and collectively consent to the following actions by the Corporation:

**WHEREAS**, the Corporation is the (i) sole member of Cosi Restaurant Holdings LLC, a Delaware limited liability company and wholly-owned subsidiary of the Corporation ("Restaurant Holdings"), (ii) sole member of Cosi Franchise Holdings LLC, a Delaware limited liability company and wholly-owned subsidiary of the Corporation ("Franchise Holdings"), and (iii) sole member and manager of Hearthstone Associates, LLC, a Massachusetts limited liability company and wholly-owned subsidiary of the Corporation ("Hearthstone Associates");

**WHEREAS**, Hearthstone Associates is the sole member of Hearthstone Partners, LLC, a Massachusetts limited liability company and wholly-owned subsidiary of Hearthstone Associates and indirect wholly-owned subsidiary of the Corporation ("Hearthstone Partners" together with Restaurant Holdings, Franchise Holdings, and Hearthstone Associates, collectively, the "LLC Subsidiaries" and individually, an "LLC Subsidiary");

**NOW, THEREFORE, BE IT RESOLVED**, that, the Directors on behalf of the Corporation, and the Corporation acting in its capacity (i) as sole member, on behalf of Restaurant Holdings and Franchise Holdings, (ii) as manager on behalf of Hearthstone Associates, and (iii) as the manager of Hearthstone Associates, the sole member of Hearthstone Partners, hereby authorize and approve the following resolutions:

### COMMENCEMENT OF CHAPTER 11 CASE

**RESOLVED**, that the LLC Subsidiaries shall each file a petition seeking relief under the provisions of Chapter 11 of the Bankruptcy Code (the "Petitions") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in which the authority to operate as a debtor-in-possession will be sought (the "Chapter 11 Cases"); and it is further

**RESOLVED**, that any of the officers of the Corporation (acting on behalf of the Corporation in its capacity (i) as sole member, on behalf of Restaurant Holdings and Franchise Holdings, (ii) as manager on behalf of Hearthstone Associates, and (iii) as the manager of Hearthstone Associates the sole member of Hearthstone Partners) or any officers of any LLC Subsidiary acting on behalf of such LLC Subsidiary, including without limitation the Chief Restructuring Officer (the "CRO"), and, together with the Chief Executive Officer & President, Executive Vice President and Vice President & General Counsel, CCO of the Corporation (the "Authorized Officer(s)"), and each of them, acting either individually or jointly, are hereby

authorized and directed to execute and verify the Petitions and any documents related thereto, and to cause the same to be filed in the Bankruptcy Court; and it is further

**RESOLVED**, that without limiting the generality of the foregoing, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized and directed to execute and file one or more declarations and other documents relating to the Petitions, including without limitation an overview of each LLC Subsidiary's business and support for each of the motions requested in connection with the Petitions, and all schedules, lists, and other documents and filings as may be necessary or proper in connection with the Chapter 11 Cases, each in form and substance prepared and reviewed by the LLC Subsidiaries'' financial and legal advisors and approved by such officer, the execution thereof by such officer to be conclusive evidence of such approval; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals in executing, verifying or filing the Petitions and related and accompanying documents with a view to its successful prosecution; and it is further

**RETENTION OF PROFESSIONALS AND PAYMENT OF FEES AND EXPENSES**

**RESOLVED**, that the law firm of Cozen O'Connor ("Cozen O'Connor") shall be employed as bankruptcy counsel to the LLC Subsidiaries under a general retainer in the Chapter 11 Cases, subject to the approval of the Bankruptcy Court; and in connection therewith, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of Cozen O'Connor; and it is further

**RESOLVED**, that the Board hereby determines that the firm of Omni Agent Solutions ("Omni") shall be appointed as claims and noticing agent for the LLC Subsidiaries in the Chapter 11 Cases, subject to the approval of the Bankruptcy Court; and in connection therewith, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of Omni; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, are authorized, empowered, and directed to, on behalf of, and in the name of the LLC Subsidiaries, to retain any other professionals to assist the LLC Subsidiaries in carrying out their duties in the Chapter 11 Cases, subject to the approval of the Bankruptcy Court; and in connection therewith, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of any other professionals; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, are authorized, empowered, and directed to, on behalf of, and in the name of the LLC Subsidiaries, incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusive evidence of the due authorization and approval thereof by the Corporation; and it is further

## CASH COLLATERAL AND DEBTOR-IN-POSSESSION FINANCING

**RESOLVED**, that in connection with the commencement of the Chapter 11 Cases by the LLC Subsidiaries, any Authorized Officers be, and hereby are, authorized, empowered, and directed to negotiate, execute, and deliver agreements for the use of cash collateral in connection with the LLC Subsidiaries' Chapter 11 Cases, which agreement(s) may require the LLC Subsidiaries to acknowledge the debt and liens of existing loans, grant liens, and pay interest to the LLC Subsidiaries' existing lender(s), and to take such additional action and to execute and deliver each other agreement, instrument, or document, to be executed and delivered by or on behalf of the LLC Subsidiaries pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by taking of such action or by execution and delivery thereof; and it is further

**RESOLVED**, that in connection with the commencement of the Chapter 11 Cases by the LLC Subsidiaries, any Authorized Officers be, and hereby are, authorized, directed and empowered in the name of and on behalf of each LLC Subsidiary, as debtor and debtor-in-possession, to negotiate, execute and deliver (i) one or more secured super-priority debtor in possession loan facilities (collectively, the "DIP Loan"), on the terms that the Authorized Officer may deem necessary or appropriate for the consummation of the transactions contemplated thereby, the signature of such Authorized Officer to be deemed conclusive evidence of such determination, and (ii) in connection with the DIP Loan, such agreements, certificates, instruments, collateral documents, mortgages, guaranties, notices and any and all other documents as the Authorized Officer may deem necessary or appropriate to facilitate the execution and delivery of the DIP Loan and pledge of collateral in connection therewith, the signature of such Authorized Officer to be deemed conclusive evidence of such determination (collectively, the "Loan Documents"); and it is further

**RESOLVED**, that the Corporation has been presented with a proposed *Secured Superpriority Debtor-in-Possession Term Credit Facility Term Sheet* (the "DIP Loan Agreement"), by and between Cosi, Inc. as borrower, the LLC Subsidiaries and their other affiliated debtors as guarantors, and Lion Fund, LP, or its designated affiliate as lender; and it is further

**RESOLVED**, that the Corporation deems it desirable for, fair to, and in the best interests of the LLC Subsidiaries, their creditors, and stakeholders and other parties in interest, that the LLC Subsidiaries agree to the terms and conditions set forth in the DIP Loan Agreement substantially in the form attached to these Resolutions as Exhibit "A," and authorize and approve (i) entry into the DIP Loan Agreement and (ii) the execution, delivery and performance of any documents applicable to the LLC Subsidiaries and relating to the DIP Loan Agreement to which

\45064642\5

the LLC Subsidiaries are a party (the "DIP Loan Documents"); and it is further

**RESOLVED**, that the proceeds of any DIP Loan, including the DIP Loan Agreement, shall be used, subject to the terms of the Loan Documents, including the DIP Loan Documents: (i) to finance working capital and scheduled capital expenditures, (ii) to pay for fees and expenses associated with the DIP Loan, (iii) to continue the conduct of the affairs of the LLC Subsidiaries under Chapter 11, and (iv) for general corporate purposes; and it is further

## GENERAL AUTHORIZATION AND RATIFICATION

**RESOLVED**, that the Authorized Officers, and each of them, are empowered, authorized and directed, for and on behalf of each LLC Subsidiary, consistent with these Resolutions and with the advice of counsel to the LLC Subsidiaries: (i) to negotiate, execute, deliver, certify, file and/or record, and perform, any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as such Authorized Officer deems appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, as the case may be, in such form and substance as such Authorized Officer may approve, together with such changes and amendments to any of the terms and conditions thereof as such Authorized Officer may approve; (ii) to negotiate, execute, deliver, certify, file and/or record, and perform any agreements, documents, certificates, consents, filings, and applications relating to the Resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such Authorized Officer deems appropriate or advisable in connection therewith; (iii) to cause the LLC Subsidiaries to enter into a transaction or series of transactions by which the LLC Subsidiaries and/or their affiliates will attempt to restructure and/or resolve their debt obligations and other liabilities; and (iv) to do such other things as may be required, or as may in such Authorized Officer's judgment be necessary, proper, or desirable, to carry out the intent and effectuate the purposes of the Resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, are empowered, authorized, and directed, for and on behalf of the LLC Subsidiaries, to execute and file any other petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation, that the Authorized Officers, in their absolute discretion, deem necessary or desirable to further the purposes of the Chapter 11 Cases in accordance with these resolutions; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, are empowered, authorized and directed, for and on behalf of the LLC Subsidiaries, to take or cause to be taken any and all such further actions, to execute and deliver or cause to be executed and delivered all such contracts, documents, instruments and agreements providing for the engagement, retention, compensation, reimbursement of expenses and indemnification of any legal counsel, accounting firm, or other such consultants, advisors and other agents, to incur and pay all such fees and expenses and to retain any such legal counsel, accounting firm, or other such consultants, advisors and other agents, in each case as they shall in their judgment determine to be necessary, desirable or advisable to carry out fully the intent and purpose of the foregoing resolutions and

\45064642\5

the execution by such Authorized Officer of any such document, instrument or agreement or the payment of any such expenses or the doing by them of any act in connection with the foregoing matters shall conclusively establish their authority therefor and the approval of the documents, instruments or agreements so executed, the expenses so paid and the actions so taken; and it is further

**RESOLVED**, that any person dealing with any Authorized Officer(s) in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Officer(s) and by his or her execution of any document or agreement, the same shall be a valid and binding obligation of each LLC Subsidiary enforceable in accordance with its terms; and it is further

**RESOLVED**, that each LLC Subsidiary is authorized to prepare and to certify as a resolution of the LLC Subsidiary such additional resolutions as an Authorized Officer, acting upon advice of counsel to the LLC Subsidiary, shall deem necessary or advisable to accomplish the purposes of the foregoing resolutions; and it is further

**RESOLVED**, that the authority given in these resolutions is retroactive and any and all actions heretofore or hereafter taken by the Authorized Officers within the terms of any of the foregoing resolutions are ratified, confirmed, and approved in all respects as the acts and deeds of the LLC Subsidiary; and it is further

**RESOLVED**, that (i) the Corporation's entry, on behalf of itself and each of the LLC Subsidiaries, into that certain Engagement Letter, dated December 23, 2019, with Sasco Hill Advisors, Inc. ("Sasco") (the "Engagement Letter"), and any and all amendments or modifications to the Engagement Letter, in the form approved by any Authorized Officer, and (ii) the Corporation and the LLC Subsidiaries' engagement of Sasco and the retention of Jason Fensterstock as CRO pursuant to that Engagement Letter, and each of the transactions and other actions contemplated by or incident to the Engagement Letter, be and hereby are authorized, confirmed, ratified and approved; and it is further

**RESOLVED**, that any and all actions heretofore or hereafter taken by the Authorized Officers, or any of them, with respect to the Engagement Letter or the engagement of Sasco or the retention and appointment of Jason Fensterstock as CRO be and each of them is hereby adopted, ratified, and approved; and it is further

**RESOLVED**, that each LLC Subsidiary shall indemnify, defend and hold harmless, to the fullest extent permitted by the law of its jurisdiction of formation and respective operating agreement and governing documents, each of the Authorized Officers with respect to any legal, equitable or administrative claim of any kind whatsoever against such Authorized Officer in connection with, arising from or related to any actions taken by such Authorized Officer in connection with the foregoing resolutions.

\45064642\5

The foregoing resolutions may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument

Adopted as of the date first written above.

**DIRECTORS**:

*[signature: Andrew Berger]*
By: Andrew Berger

_____
By: David Polonitza

_____
By: Vicki Baue

The foregoing resolutions may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

Adopted as of the date first written above.

**DIRECTORS**:

_____
By: Andrew Berger

_____
By: David Polonitza

_____
By: Vicki Baue

The foregoing resolutions may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

Adopted as of the date first written above.

**DIRECTORS:**

_____
By: Andrew Berger


_____
By: David Polonitza

*/s/ Vicki Baue*
By: Vicki Baue

# EXHIBIT "A"

# [DIP Loan Agreement]

Fill in this information to identify the case:
Debtor name: Cosi Restaurant Holdings LLC
United States Bankruptcy Court for the: DISTRICT OF DELAWARE
Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Gordon Food Service<br>3301 N.W. 125th Street<br>Miami, FL 33167 | | Trade Debt | Disputed | | | $1,226,531.00 |
| US Foods<br>9399 West Higgins Road, Suite 500<br>Des Plaines, IL 60018 | | Trade Debt | | | | $170,000.00 |
| Carlyle Baltimore Holdings LLC<br>PO Box 76361<br>Baltimore, MD 21275 | | | Disputed | | | $159,309.00 |
| Trumball Insurance Company<br>(The Hartford)<br>PO Box 660916<br>Dallas, TX 75266-0916 | | | | | | $155,000.00 |
| AAC South Station Property LLC<br>PO Box 785172<br>Philadelphia, PA 19178-5172 | | Electricity | | | | $145,683.00 |
| Vanguard Archives, LLC<br>420 S. 3th Street<br>Saint Charles, IL 60174 | | | Disputed | | | $142,132.00 |
| Staples<br>Dept. BOS<br>PO Box 415256<br>Boston, MA 02241-5256 | | Trade Debt | Disputed | | | $136,465.00 |
| Rudin Mgmt Inc.<br>345 Park Ave.<br>New York, NY 10154-0101 | | | | | | $135,073.00 |

Official form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims    page 1

Debtor   Cosi Restaurant Holdings LLC                             Case number *(if known)*
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Marketplace Logan LLC<br>75 Park Plaza<br>Boston, MA 02116 | | | | | | $131,648.00 |
| BRI 1864-230W Monroe, LLC<br>PO Box 310608<br>Des Moines, IA 50331-0608 | | | | | | $124,612.00 |
| The Art Institute of Chicago<br>Attn: Treasury Department<br>111 South Michigan Ave.<br>Chicago, IL 60603 | | | | | | $114,043.00 |
| TS Boston Core Holdings LP<br>125 High Street<br>PO Box 419505<br>Boston, MA 02241-9505 | | | | | | $110,958.00 |
| AETNA<br>AETNA Hartford<br>P.O. Box 88863<br>Chicago, IL 60695-1863 | | | | | | $100,309.00 |
| 1700 Market Street Assoc LP<br>P.O. Box 823865<br>Philadelphia, PA 19182 | | | | | | $95,416.00 |
| Sid Wainer & Son<br>2301 Purchase Street<br>New Bedford, MA 02746 | | | | | | $76,680.00 |
| C&B Realty 3 LLC<br>1520 Northern Blvd<br>Manhasset, NY 11030-3006 | | | | | | $76,589.00 |
| Mills Building Associates<br>601 Thirteenth Street, Suite 300 North<br>Washington, DC 20005 | | | | | | $76,130.00 |
| North Dearborn Building Company LP<br>250 Broadway, Suite 3001<br>New York, NY 10007 | | | | | | $73,800.00 |

Debtor   Cosi Restaurant Holdings LLC                                          Case number *(if known)*
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| B.E. Realty Limited Partnership<br>2 Charlesgate West<br>Boston, MA 02215-3552 | | | | | | $72,900.00 |
| 6056 Leasehold Company<br>c/o Newmark & Co. Real Estate, Inc.<br>125 Park Avenue, 11th Floor<br>New York, NY 10017 | | | | | | $72,271.00 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Cosi Restaurant Holdings LLC |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ■ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   February 24, 2020         X /s/ Vicki Baue
                                          Signature of individual signing on behalf of debtor

                                          Vicki Baue
                                          Printed name

                                          Secretary, V.P. & General Counsel, CCO
                                          Position or relationship to debtor

# United States Bankruptcy Court
## District of Delaware

In re  Cosi Restaurant Holdings LLC  
Debtor(s)

Case No.  
Chapter  11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Cosi, Inc. | | 100% | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Secretary, V.P. & General Counsel, CCO of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  February 24, 2020

Signature  /s/ Vicki Baue  
Vicki Baue

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.  
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## District of Delaware

In re   Cosi Restaurant Holdings LLC
                                    Debtor(s)

Case No.  _____
Chapter   11

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   Cosi Restaurant Holdings LLC   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

Cosi, Inc.

☐ None [*Check if applicable*]

February 24, 2020
Date

/s/ Mark E. Felger
Mark E. Felger
Signature of Attorney or Litigant
Counsel for   Cosi Restaurant Holdings LLC
Cozen O'Connor
1201 N. Market Street
Suite 1001
Wilmington, DE 19801
302-295-2000 Fax:302-295-2013