# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COSI, INC., | ) | Case No. 20- (____) |
| a Delaware corporation, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer's Tax I.d. No.: XX-XXX3745 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| XANDO COSI OF MARYLAND, INC., | ) | Case No. 20- (____) |
| a Delaware corporation, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer's Tax I.d. No.: XX-XXX2196 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COSI SANDWICH BAR, INC., | ) | Case No. 20- (____) |
| a Delaware corporation, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer's Tax I.d. No.: XX-XXX0910 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HEARTHSTONE ASSOCIATES, LLC, | ) | Case No. 20- (____) |
| a Delaware corporation, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer's Tax I.d. No.: XX-XXX6267 | ) | |

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HEARTHSTONE PARTNERS, LLC, ) | Case No. 20- (____) |
| a Delaware corporation, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| Employer's Tax I.d. No.: XX-XXX9433 ) | |
| ) | |
| In re: ) | |
| ) | Chapter 11 |
| COSI FRANCHISE HOLDINGS LLC ) | Case No. 20- (____) |
| a Delaware corporation, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| Employer's Tax I.d. No.: XX-XXX6984 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| COSI RESTAURANT HOLDINGS LLC, ) | Case No. 20- (____) |
| a Delaware corporation, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| Employer's Tax I.d. No.: XX-XXX3461 ) | |

## **MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit "A" (the "Proposed Order"), pursuant to Section 105(a) of Title 11 of the United States Code, (the "Bankruptcy Code") and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requesting entry of an order (a) providing for joint administration of the above-captioned bankruptcy cases, and (b) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

2

## JURISDICTION, CORE NATURE AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This Motion is a core matter pursuant to 28 U.S.C. § 157(b). Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Sections 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Rules 1015-1 and 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3. On today's date (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Cases"). The Debtors remain in possession of their property and continue in the operation and management of their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. The Debtors operate fast-casual restaurants under the COSI® brand ("COSI"). COSI features flatbread made fresh throughout the day and specializes in a variety of made-to-order hot and cold sandwiches, salads, bowls, breakfast wraps, bagels, melts, soups, flatbread pizzas, snacks, desserts, and a large offering of handcrafted, coffee-based, and specialty beverages.

5. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested in this Motion are set forth in the Declaration of Vicki Baue, Vice President & General Counsel, Chief Compliance Officer (CCO) and Secretary, in Support of

Debtors' Chapter 11 Petitions and First-Day Pleadings [D.I. __] (the "First Day Declaration")[1] which is incorporated herein by reference.

## RELIEF REQUESTED

6. By this Motion, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as Exhibit "A", pursuant to Federal Rule of Bankruptcy Procedure 1015(b) and Del. Bankr. LR 1015-1 authorizing and directing the procedural consolidation and joint administration of these cases, and related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Cosi, Inc., and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COSI, INC., *et al.*,[1] | ) | Case No. 20- |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

[1] The Debtors in these Chapter 11 Cases are the following entities (the last four digits of each Debtor's respective federal tax identification number, if any, follow in parentheses): Cosi, Inc. (3745); Xando Cosi of Maryland, Inc. (2196); Cosi Sandwich Bar, Inc. (0910); Hearthstone Associates, LLC (6267); Hearthstone Partners, LLC (9433); Cosi Franchise Holdings LLC (6984); and Cosi Restaurant Holdings LLC (3461). The Debtors' corporate headquarters are located at 500 Rutherford Avenue, Suite 130, Charlestown, MA 02129.

7. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] Capitalized terms used but not defined herein shall have the meaning provided to them in the First Day Declaration.

8. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Cosi, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Cosi, Inc., Case No. 20- (\_\_\_); Xando Cosi of Maryland, Inc., Case No. 20- (\_\_\_); Cosi Sandwich Bar, Inc., Case No. 20- (\_\_\_); Hearthstone Associates, LLC, Case No. 20- (\_\_\_); Hearthstone Partners, LLC, Case No. 20- (\_\_\_); Cosi Franchise Holdings LLC, Case No. 20- (\_\_\_); Cosi Restaurant Holdings LLC, Case No. 20- (\_\_\_). The docket in Case No. 20- (\_\_\_) should be consulted for all matters affecting this case.

## BASIS FOR RELIEF REQUESTED

9. Federal Rule of Bankruptcy Procedure 1015(b) provides, in pertinent part, as follows:

> *Cases Involving Two or More Related Debtors.* If a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order, the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

10. Section 101(2) of the Bankruptcy Code defines "affiliate" to include:

   (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;

   (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

11. Local Rule 1015-1 provides that the Court may order joint administration of the estates of two or more debtors that are affiliates upon the filing of a motion, together with an

affidavit, declaration or verification, which establishes that joint administration is warranted and will ease the administrative burden for the Court and the parties.

12. Upon information and belief, each of the Debtors are affiliates within the meaning of Section 101(2) of the Bankruptcy Code. Accordingly, the Court has the authority to grant the relief requested in this Motion. *See Affidavit Concerning Motion for Joint Administration of Chapter 11 Cases*, attached hereto at Exhibit "B".

13. Given the integrated nature of the Debtors' operations, and that each of the Debtors are liable for the Debtors' funded debt, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

15. An order of joint administration relates to the routine administration of a case and may be entered by the Court in its discretion. *See* Del. Bankr. L.R. 1015-1. Entry of joint

administration orders in multiple related cases such as these is common and generally non-controversial in this District and elsewhere.

## CONSENT TO JURISDICTION

16. Pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of this Court, the Debtors consent to the entry of a final order with respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## NOTICE

17. The Debtors have provided notice of this motion to the following parties or their respective counsel: (a) the office of the U.S. Trustee for the District of Delaware; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Debtors' prepetition secured lenders; (d) the Debtors' proposed debtor in possession lender; (e) the Internal Revenue Service; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter the attached form of order directing joint administration of these cases, and granting such other and further relief as is just and proper.

Dated: February 24, 2020              COZEN O'CONNOR

*/s/ Mark E. Felger*
Mark E. Felger (No. 3919)
Simon E. Fraser (No. 5335)
Gregory F. Fischer (No. 5269)
1201 N. Market St., Ste. 1001
Wilmington, DE  19801
Telephone:  (302) 295-2000
Facsimile:  (302) 295-2013
E-mail: mfelger@cozen.com
sfraser@cozen.com
gfischer@cozen.com

*Proposed Counsel for the Debtors and Debtors in Possession*